## In the Matter of INTERNATIONAL FOOD CORPORATION, Debtor.

### INTERNATIONAL FOOD CORPORATION, Plaintiff,

v.

### Maxwell W. WELLS, Jr., Defendant.

Bankruptcy No. 82–884.
Adv. No. 85–286.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 28, 1985.

Malka Isaak, Tampa, Fla., for plaintiff.

Chester Trow, Ocala, Fla., for defendant.

ORDER ON MOTION FOR ENTRY OF TEMPORARY RESTRAINING OR- DER AND ORDER DISMISSING COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Entry of a Temporary Restraining Order, filed by International Food Corporation (IFC), the Debtor currently involved in a Chapter 11 case. The motion is filed in an adversary proceeding filed on August 22, 1985 in which IFC seeks a temporary re- straining order but, in addition, also a pre- liminary and permanent injunctive relief.

The procedural background of the under- lying controversy which is relevant to the resolution of the motion can be briefly sum- marized as follows:

Robert Lurie, as trustee for a Planting Program known as Section XII, XIII, exe- cuted a mortgage on March 27, 1981, en- cumbering certain real property located in Marion County, Florida. Florida Peach Corp. of America, International Division, and Florida Peach Corp. of America, Inter- national Division, as trustee, executed a mortgage on April 30, 1981, encumbering some additional land owned by these corpo- rations. On May 21, 1981, Florida Peach Corp. of America, International Division, a Panamian corporation, Florida Peach Corp. of America, International Division, as trus- tee, also executed a mortgage encumbering some additional land located in Marion County, Fla. All these mortgages were executed in favor of Maxwell W. Wells, Jr., as Trustee (Wells). The Debtor, who seeks relief under Chapter 11 of the Bankruptcy Code, now claims to be owner of the par- cels encumbered by these mortgages. This is based on a claim that by virtue of certain conveyances and which were executed sub- sequent to the execution of the mortgages described above IFC is now owner of the land in question.

On November 4, 1981, Maxwell Wells, the holder of these mortgages, commenced a foreclosure action in the Circuit Court of Marion County, case number 81–2567–C. On April 9, 1982 Wells obtained a partial summary judgment which ordered the land to be sold at a foreclosure sale. On May 4, 1982, IFC filed its petition for relief under Chapter 11 and for this reason any further proceeding on the foreclosure action came to a halt.

On March 15, 1983, or prior to the effec- tive date of Bankruptcy Rule 4001, Wells, Jr. filed a complaint in this Court and sought relief and modification of the auto- matic stay. The initial request of Wells to be relieved from the stay was denied by this Court on May 25, 1983, 30 B.R. 306

(M.D.Fla.). On June 3, 1983, Wells filed a Motion for New Trial or Amendment of Judgment. The Motion was heard in due course and on the 24th of August, 1983 this Court entered a final judgment modifying the previous final judgment and granted Wells' request for relief from the automatic stay and lifted the stay in order to permit Wells to pursue his remedy in an appropriate forum and complete his foreclosure action.

On September 15th IFC filed a complaint and sought injunctive relief prohibiting Wells from proceeding any further with the foreclosure action. On September 23rd this Court entered a temporary restraining order and prohibited Wells to take any further steps in the pending foreclosure action. On October 28, 1983, this Court entered a preliminary injunction which inter alia provided that Wells shall not proceed any further in the then pending foreclosure action provided that IFC immediately provides adequate protection by granting a first mortgage in favor of Wells on certain properties claimed to be unencumbered by IFC.

On November 7, 1983, Wells filed a Motion to Alter or Amend the Order on Preliminary Injunction. On December 5, 1983, this Court entered an order and denied the Motion to Alter or Amend the Order on Preliminary Injunction. On December 8, 1983, Wells filed a motion and sought an order directing the Debtor to provide adequate protection ordered earlier and to comply with the previous order entered by this Court on IFC's motion for preliminary injunction.

On March 13, 1984, this Court entered an order and granted Wells' motion and directed IFC to undertake forthwith all steps necessary for the execution of a valid first mortgage in favor of Wells as adequate protection.

It appears, however, that the property on which Wells was supposed to have received a first mortgage as adequate protection was already encumbered by a IRS tax lien filed far in excess of the value of the property and, therefore, the order which directed IFC to execute the mortgage was set aside and vacated. Of course, at this point Wells had no adequate protection. The order further provided, however, that the preliminary injunction shall remain in full force and effect pending the outcome of a hearing on the Debtor's motion to sell certain properties free and clear of liens which was supposed to provide sufficient funds which, in turn, could have enabled IFC to furnish adequate protection to Wells by payment pursuant to § 361(1).

On December 20, 1984, this Court entered an order and authorized IFC to proceed and sell the subject property free and clear of liens. Although IFC attempted to effectuate this sale to several different parties, the sale fell through and the property is still unsold. Needless to say, in the interim Maxwell Wells did not receive any adequate protection, either in the form of a first mortgage or any payments whatsoever on its final judgment which was outstanding since the summer of 1982.

In light of this development, this Court entered an order on January 22, 1985 and relieved Wells from any and all injunctions, stays, or other prohibitions of any kind whatsoever and authorized Wells to proceed forthwith with the enforcement of his rights under the four mortgages. The order provided, however, that in no event shall execution for any deficiency be entered against IFC nor any of the other property of IFC be subject to any liens or a seizure to satisfy any deficiency claim of Wells.

At this point, IFC having realized that it's struggle to fend off the efforts of Wells to foreclose and complete the foreclosure action was nearing to an end and the inevitable was just around the corner, filed an application on February 26, 1985 and sought to remove the foreclosure action to this Court pursuant to Bankruptcy Rule 9027, a foreclosure action which was pending in the state court since November 4, 1981 and which was completed by the entry of a summary final judgment on April 10, 1982.

On March 13, 1985, Maxwell Wells filed a Motion to Remand and also sought the imposition of sanctions pursuant to Bankruptcy Rule 9001 (sic), obviously intended to make a reference to Bankruptcy Rule 9011. On June 12, 1985, this Court entered an order on a pre-trial conference in the removed action and remanded the case to the Circuit Court of Marion County. It further appears that after all the frustrations caused by the endless delays by IFC, Wells finally succeeded, so he thought, and scheduled the foreclosure sale of the subject property. The sale is now scheduled to be held August 26, 1985 at 11:00 a.m. in Marion County, Fla.

The hopes of Wells to complete the foreclosure action were shattered again by the present complaint filed on August 22, 1985 by IFC in which IFC sought a temporary restraining order and preliminary injunction and permanent injunctive relief in order to prevent the impending sale. IFC also filed in conjunction with it complaint, as noted earlier, a Motion for Entry of a Temporary Restraining Order in order to stop the scheduled foreclosure sale. Due to the emergency of this matter, this Court immediately scheduled a hearing by way of telephonic conference at which time it heard argument of counsel for IFC and also for Wells and having considered the entire record, is satisfied that the motion of IFC is totally without merit and should be denied. While IFC indicated that it might be willing to concede that Wells shall be permitted to proceed with the sale, sought an injunction to prohibit Wells to apply for a title for at least 60 days in order to permit IFC to complete an alleged sale of one of its properties, a sale which is supposed to produce $152,000 cash which IFC would be willing to give to Wells as adequate protection.

This Court is no longer inclined to listen to the pleas of IFC. First, there is no assurance that IFC really has a bona fide sale which could be concluded within a reasonable time. Second, there is no assurance that IFC would be in a position to indemnify Maxwell Wells for all the expenses and delays he was exposed to by the actions of IFC. For these reasons, this Court is satisfied that the Motion for Temporary Restraining Order and for injunctive relief is without merit, therefore, the same should be denied.

This order should not be construed, however, to prohibit IFC from applying to the circuit court for any further relief including to apply for an extension of the redemption period if so deemed to be advised.

A separate final order of dismissal will be entered in accordance with the foregoing.